John Tehranian (Bar No. 211616)
Email: jtehranian@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Joanna Ardalan (Bar No. 285384)
Email: jardalan@onellp.com
**ONE LLP**
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone:  (310) 866-5157
Facsimile:   (310) 943-2085

Attorneys for Plaintiff,
Pennie Smith

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNIE SMITH, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>HOT TOPIC, INC., a California corporation; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.   2:19-cv-1221<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Pennie Smith ("Smith"), by and through her attorneys of record, complains against Hot Topic, Inc. ("Hot Topic"), a California corporation; and DOES 1 through 10, (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief against Defendants for willful copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 101 *et seq*.

2. This Court has subject matter jurisdiction under the Copyright Act, 17 U.S.C. §§ 101 *et seq*., 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright).

3. Venue is proper in this District under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) in that the acts of infringement complained of herein occurred in this Judicial District, the injury suffered by Plaintiff took place in this Judicial District, and the Defendants may be found and/or transact business in this Judicial District.  Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

4. This Court has personal jurisdiction over Defendants.  Specifically, Defendants have engaged in direct, contributory, vicarious, and/or otherwise induced acts of copyright infringement in this judicial district.  Further, Defendants have engaged in continuous and systematic business in California and, upon information and belief, derive substantial revenues from commercial activities in California.

## PARTIES

5. Plaintiff Smith is an individual residing in Isleworth, England.

6. Plaintiff is informed and believes and, upon such, alleges that Defendant Hot Topic is a California corporation with its principal place of business in City of Industry, California.

7. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have

been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## FACTS COMMON TO ALL COUNTS

### *The Photo Forming the Subject Matter of This Dispute*

8. Pennie Smith is one of the world's most celebrated music photographers. Among other things, she has toured with music legends Led Zeppelin and the Clash, capturing some of the most iconic photographs in rock history, including an image of The Clash's Paul Simonon smashing his bass guitar on a New York City stage—a photograph that later became the cover of the Clash's seminal album *London Calling*. In addition, she has captured portraits of The Rolling Stones, The Who, Iggy Pop, Sweet, The Jam, Siouxsie Sioux, U2, Radiohead and Oasis, among many others.

9. Ms. Smith's photographs have been licensed for use on album sleeves, in books and magazines, and even on postage stamps. In 1980, Ms. Smith published a best-selling book *The Clash, Before and After,* which featured her photographs.

10. Among the hundreds of works that Ms. Smith has authored, she shot a photograph of the Clash that was used for an album sleeve of the Japanese release of the single "I Fought the Law" (hereinafter, "the Photo"), which forms the subject matter of this suit.

11. The Photo was registered with the United States Copyright Office on or about August 2, 1983 under registration number TX0001229275.

### *The Defendants and their Infringement*

12. Plaintiff is informed and believes and, upon such, alleges that, Defendant Hot Topic is a retail chain specializing in rock music and video game clothing and accessories. On information and belief, 40% of Hot Topic's revenue comes from sales of purportedly licensed t-shirts.

13. Plaintiff is informed and believes and, upon such, alleges that Hot Topic generates $580.4 million in annual revenue from its, at least, 600 stores and owns and the online store located at www.hottopic.com (the "Website"), which on information and belief, it owns, controls, and operates. Hot Topic is a sophisticated user of intellectual property and it possesses full knowledge of the strictures of federal copyright law and the basic requirements for licensing copyrighted content for commercial exploitation.

14. Despite Defendants' economic resources and sophistication on basic matters of intellectual property law, Defendants have, on information and belief, violated federal law by willfully infringing the copyright of the Photo on t-shirts and on the Website. Attached as Exhibit A is a true and correct copy of the infringement. The Photo was used without permission, consent, or license from Smith, the rightsholder to the Photo.

15. On information and belief, Defendants have driven massive traffic to the Website and, in particular to https://www.hottopic.com/product/the-clash-kanji-t-shirt/11240569.html#q=clash&start=1, where it has sold and continues to sell the infringing t-shirt. All of this traffic and t-shirt revenue translates into significant ill-gotten commercial advantage and revenue generation for Defendants as a direct consequence of their infringing actions.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501)

16. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 15 above.

17. Smith is the author and owner of the copyrights to the Photo, which substantially consist of material wholly original with its author and which are copyright subject matter under the laws of the United States. Smith has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Photo has been registered with the United States Copyright Office.

18. Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Smith's copyrights by reproducing, displaying,

distributing and utilizing the Photo for purposes of trade in violation of 17 U.S.C. § 501 et seq.

19. Defendant has willfully infringed, and unless enjoined, will continue to infringe Smith's copyrights by knowingly reproducing, displaying, distributing and utilizing the Photo for purposes of trade.

20. Defendant has also knowingly induced, caused or materially contributed to the infringing conduct of third parties and/or have obtained a direct financial benefit therefrom while possessing the right and ability to control the infringing conduct of third parties.

21. Defendant has received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of the Photo for purposes of trade.

22. All of the Defendant's acts are and were performed without the permission, license or consent of Smith.

23. The said wrongful acts of Defendant has caused, and are causing, great injury to Smith, which damage cannot be accurately computed, and unless this Court restrains Defendant from further commission of said acts, Smith will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Smith seeks a declaration that Defendant is infringing Smith's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement of Smith's copyrights.

24. As a result of the acts of Defendant alleged herein, Smith has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. For an order permanently enjoining Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or

participation with them, from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or engaging in any other form of dealing or transaction in, any and all products and services (including advertising and promotional materials, print media, signs, internet web sites, or any other media related thereto), either now known or hereafter devised, that infringe, contributorily infringe, vicariously infringe, or induce infringement of Plaintiff's copyrights in and to the Photo.

2. For the entry of a seizure order directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Smith's copyrights, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Smith's copyrights in the Photo as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like.

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and to reimburse Smith for all damages suffered by Plaintiff by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

4. For an accounting of all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon Smith's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c).

6. For costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 505.

7. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505.

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: February 19, 2019　　　　　　**ONE LLP**

By: /s/ Joanna Ardalan
　　John Tehranian
　　Joanna Ardalan
　　Attorneys for Plaintiff,
　　PENNIE SMITH

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated:  February 19, 2019          **ONE LLP**

By: /s/ Joanna Ardalan
    John Tehranian
    Joanna Ardalan
    Attorneys for Plaintiff,
    PENNIE SMITH